IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALLAN D. BROWN, individually and as
personal representative of the Estate of
George William Brown, deceased,

      Plaintiff,

v.                                                                                            No. Civ. 06-1203 WJ/KBM

SYED S. MAHDI, M.D.,
PLAINS REGIONAL MEDICAL CENTER,
PRESBYTERIAN HEALTHCARE SERVICES,
and JOHN DOE and JANE DOE,
PRESBYTERIAN NURSING STAFF,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On January 22, 2007, Defendant Syed S. Mahdi, M.D., ("Defendant Mahdi") filed a Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. No. 7). On January 26, 2007, Defendants Plains Regional Medical Center ("Plains") and Presbyterian Healthcare Services ("PHS") filed a Motion to Dismiss for Lack of Diversity Jurisdiction and Failure to State a Claim (Doc. No. 12). The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, concludes that Defendant Mahdi's and Defendant Plains and PHS's motion to dismiss should be granted on the grounds of lack of diversity jurisdiction and Plaintiff's case should be dismissed without prejudice.

**I.  BACKGROUND**

On December 8, 2006, Plaintiff Allan D. Brown ("Plaintiff"), as personal representative of the Estate of George W. Brown, filed a complaint for damages against Defendants Mahdi,

Plains, Presbyterian Medical Services, John Doe, Jane Doe, and Presbyterian Nursing Staff, arising from the wrongful death of George W. Brown on December 9, 2003.  On January 8, 2007, Plaintiff filed a First Amended Complaint for Damages for Wrongful Death (Doc. No. 2), in which Plaintiff substituted as a defendant Presbyterian Healthcare Services for Presbyterian Medical Services.  In the amended complaint, Plaintiff alleges that the medically negligent actions by Defendants caused George W. Brown's death.

The first amended complaint also asserts that the Court has diversity jurisdiction of this case because the amount in controversy exceeds $75,000.00 and is between citizens of different states.  Specifically, the first amended complaint states that Plaintiff, the personal representative of George W. Brown, is a resident of Lubbock, Texas, and that Defendants are all residents of New Mexico.  It is undisputed that the decedent, George W. Brown, was a resident of New Mexico at the time of his death.

Defendant Mahdi and Defendants Plains and PHS each filed motions to dismiss for lack of diversity jurisdiction.[1]  Defendants contend that Plaintiff is actually a citizen of New Mexico for purposes of the diversity statute, 28 U.S.C. § 1332(c)(2), because, as the personal representative, he must be deemed a citizen of the same state as the decedent.  Defendants assert

---

[1] In Defendants Plains and PHS's Motion to Dismiss for Lack of Diversity Jurisdiction and Failure to State a Claim (Doc. No. 12), they originally argued that the case should also be dismissed for failure to bring the wrongful death claim within the three-year statute of limitations for such actions.  In their reply brief, however, they stated: "After receiving Plaintiff's response to the motion and conducting additional research, Defendants now concede that Rule 15(c)(3) of the Federal Rules of Civil Procedure likely applies and would defeat Defendants' statute of limitations argument in federal court.  Therefore, Defendants now withdraw from this Court's consideration their argument seeking a dismissal of Plaintiff's claims against these Defendants based upon the statute of limitations."  Reply (Doc. No. 17) at 7.  Accordingly, the Court need not consider Defendants Plains and PHS's motion to dismiss based on the statute of limitations.

2

that Plaintiff is the "legal representative of the estate" within the meaning of § 1332(c)(2) because Plaintiff was statutorily appointed the nominal plaintiff under the New Mexico Wrongful Death Act (the "NMWDA"), which allows for the random appointment of personal representatives who are not necessarily related to the decedent. Defendants seek dismissal of this case with prejudice. Plaintiff, however, argues that 28 U.S.C. § 1332(c)(2) is limited to personal representatives who represent the estate in matters of probate and does not apply to Plaintiff, who as the personal representative under the NMWDA acts, not as a legal representative of the estate, but rather as a nominal party acting on behalf of the NMWDA beneficiaries. Plaintiff asks that the motion to dismiss be denied, but in the alternative, if no diversity jurisdiction exists, that the case be dismissed without prejudice.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1332(a)(1), the federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction, and thus, the burden of establishing diversity jurisdiction rests upon the party asserting it. *See Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In this case, to show diversity jurisdiction, Plaintiff must establish that he is not a "legal representative of the estate" within the meaning of 28 U.S.C. § 1332(c)(2), so that he will not be deemed a citizen of the same state as the decedent. The Court's interpretation of § 1332(c)(2) and the NMWDA is a question of law. *Tank v. Chronister*, 160 F.3d 597, 598 (10th Cir. 1998).

## III.    DISCUSSION

The diversity of citizenship statute provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The Tenth Circuit has construed § 1332(c)(2) to exclude from its coverage "those who are not representing the estate of a decedent, even if the individual is appointed pursuant to statute with authority to bring an action for wrongful death." *Tank*, 160 F.3d at 599 (internal quotations omitted).

In *Tank*, the Tenth Circuit concluded that the plaintiff should not be deemed a citizen of the same state as the decedent because of an "oddity" in Kansas law that precluded a wrongful death suit from being pursued by or on behalf of the estate. *Id.* at 600. Under the Kansas wrongful death act, the plaintiff "represents only the other heirs and not the estate itself." *Id.* at 599 (construing Kan. Stat. Ann. § 60-1902). A Kansas wrongful death action "may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death" and is "for the exclusive benefit of all of the heirs who has sustained a loss." Kan. Stat. Ann. § 60-1902. Only an heir can therefore act as a representative plaintiff in a Kansas wrongful death action. *See id.* The Tenth Circuit compared the Kansas law to "an oddity of Louisiana law" that did not regard a decedent's estate as an entity on behalf of which a lawsuit could be brought. *Tank*, 160 F.3d at 600 (quoting *Milam v. State Farm Mutual Auto. Ins. Co.*, 972 F.2d 166, 168 (7th Cir. 1992)). The *Tank* court expressly distinguished the Kansas statute from other wrongful death statutes involving court or statutory appointment of an individual, not necessarily a person related to the decedent, to represent the estate in a wrongful death action. *See id.* The Tenth Circuit noted that, under such other wrongful death statutes, "although the claims [may be] brought for the exclusive benefit of the heirs as opposed to the estate, they

4

nonetheless [are also] brought on *behalf* of the estate." *Id.*  Accordingly, to determine whether Plaintiff should be deemed a citizen of the same state as the decedent, the Court must decide whether the personal representative under the NMWDA is representing solely the other heirs, as in the Kansas wrongful death act, or if the personal representative also represents the estate itself. *See id.* at 599.

The NMWDA is a survival statute that provides a cause of action for what the decedent would have been entitled to recover had death not ensued.  *See* NMSA 1978, § 41-2-1; *Romero v. Byers*, 117 N.M. 422, 428, 872 P.2d 840, 846 (1994).  The NMWDA provides that a wrongful death action must be brought by and in the name of the personal representative of the decedent. NMSA 1978, § 41-2-3.  The proceeds of any judgment obtained in a wrongful death action "shall not be liable for any debt of the deceased; provided the decedent has left a spouse, child, father, mother, brother, sister or child or children of the deceased child." *Id.*  In such a case, the personal representative serves as a statutory trustee for identifiable beneficiaries in the line of named kinship or descent and the proceeds are distributed to the heirs.  *Id.*; *Stang*, 81 N.M. at 350, 467 P.2d at 16.

Nevertheless, in contrast to the Kansas statute, the NMWDA can be pursued by or on behalf of the estate.  The NMWDA allows the recovery of damages even when there are no heirs. NMSA 1978, § 41-2-3 ("[I]f there is no kindred as named in . . . this section, then the proceeds of the judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."); *Stang v. Hertz Corp.*, 81 N.M. 348, 350, 467 P.2d 14, 16 (1970) ("Damages are recoverable by proof of the worth of the life of the decedent, even though there is no kin to receive the award.").  When there are no heirs, the personal

5

representative acts as the trustee for the estate creditors and the state. *Stang*, 81 N.M. at 350, 467 P.2d at 16. The personal representative acts as a nominal party and may be an estate administrator, an executor, or a court-appointed personal representative. *Chavez v. Regents of Univ. of New Mexico*, 103 N.M. 606, 609, 711 P.2d 883, 886 (1985). New Mexico courts broadly construe who qualifies as a personal representative. *Id.* Therefore, unlike the Kansas statute, the NMWDA does not limit the plaintiff who can sue for wrongful death to a person related to the decedent. Thus, no "oddity" of New Mexico law precludes a wrongful death suit from being pursued by or on behalf of the estate. *See James v. Three Notch Medical Center*, 966 F.Supp. 1112, 1114 (M.D. Ala. 1997) (contrasting Louisiana wrongful death statute belonging solely to spouse and children from Alabama law that granted cause of action exclusively to personal representative); *see also Tank*, 160 F.3d at 600 (contrasting Kansas statute with wrongful death statutes, like that in *James*, that involve court or statutory appointment of individual, not necessarily related to decedent, to represent estate). Consequently, although a NMWDA claim may be brought to benefit the heirs, it is also brought on behalf of the estate. *See Stang*, 81 N.M. at 350, 467 P.2d at 16 ("the measure of damages for wrongful death is the worth of life of decedent to the estate"). The Court thus concludes that the NMWDA is distinguishable from the Kansas wrongful death statute considered in *Tank*.

Finally, the Court notes that forum shopping can more easily occur in New Mexico due to the NMWDA permitting the random appointment of unrelated out-of-state personal representatives. Therefore, construing a personal representative under the NMWDA as a "legal representative of the estate" serves to promote the goal of § 1332(c)(2) – to discourage the

appointment of out-of-state personal representatives solely for the purpose of forum shopping. *See Tank*, 160 F.3d at 599.

As the above analysis makes clear, this is a close issue, and Plaintiff had a reasonable basis for believing this Court had subject matter jurisdiction over this case. See Barbeau v. Hoppenrath, 33 P.3d 675, 678-79 (N.M. App. 2001). However, the Court concludes that a personal representative under the NMWDA constitutes a "legal representative of the estate" within the meaning of § 1332(c)(2). Plaintiff is therefore deemed a citizen of New Mexico, the state in which decedent George W. Brown was a citizen at the time of his death and the state in which all Defendants are citizens. Accordingly, diversity of citizenship is not present and the Court lacks subject matter jurisdiction over this action. The Court will dismiss the action without prejudice because this ruling does not address the merits of Plaintiff's case. *See Strozier v. Potter*, 71 Fed. Appx. 802 (10th Cir. 2003) (unpublished decision) (dismissal for lack of subject matter jurisdiction should be without prejudice); *Hollander v. Sandoz Pharmaceutical Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (dismissal for lack of personal jurisdiction should be without prejudice).

**IT IS THEREFORE ORDERED** that

1. Defendant Mahdi's Motion to Dismiss for Lack of Diversity Jurisdiction (Doc. No. 7) is **GRANTED**;

2. Defendants Plains Regional Medical Center and Presbyterian Healthcare Services' Motion to Dismiss for Lack of Diversity Jurisdiction and Failure to State a Claim (Doc. No. 12) is **GRANTED** for lack of diversity jurisdiction; and

      3.      Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of diversity jurisdiction.

                                          _____
                                          UNITED STATES DISTRICT JUDGE